UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EVERY LINK MATTERS, CO., a Georgia non-profit corporation,<br><br>    Plaintiff,<br><br>v.<br><br>KBG FOUNDATION INC. and ANNETTE MAUGHAN,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:22-CV-3340-SEG |

## **O R D E R**

Plaintiff filed the complaint in this action on August 19, 2022, seeking a declaratory judgment that it has not infringed on Defendants' trademarks and alleging tortious interference with its business relations. (Doc. 1.) On October 14, 2022, Defendants filed a motion to dismiss the complaint for lack of personal jurisdiction and failure to state a claim upon which this Court may grant relief. (Doc. 13.) In response, on October 28, 2022, Plaintiff filed an amended complaint (Doc. 14), and Defendants again moved to dismiss (Doc. 17).

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Accordingly, Plaintiff's amended complaint is timely filed. "[A]n amended complaint supersedes the initial complaint and

becomes the operative pleading in the case." *Ashely v. Jaipersaud*, 544 F. App'x 827, 829 n.3 (11th Cir. 2013) (citing *Lowery v. Ala Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007)). Defendants' October 14, 2022, motion to dismiss was directed towards Plaintiff's original complaint, which has now been superseded. Defendants' motion to dismiss the original complaint is therefore DENIED AS MOOT. (Doc. 13.) *See Fountain v. Hyundai Motor Co.*, 2016 WL 4361528, at *2 (N.D. Ga. Mar. 4, 2016) ("The filing of the amended complaint has rendered the arguments contained in the first motion to dismiss moot.").

On February 2, 2022, the parties filed a joint preliminary report and discovery plan. (Doc. 20.) Pursuant to Local Rule 26.2(A), NDGa, "[t]he discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier." The Court notes that no answer has yet been filed. The parties, however, request that the Court impose a six-month period of discovery, to commence "on January 24, 2023 and with the last two months being used exclusively for expert witness testimony." (Doc. 20 at 13.) The parties having thus mutually consented to begin discovery earlier, the Court orders that the time limits for adding parties, amending pleadings, filing motions, completing discovery, and discussing settlement are as stated in the

joint preliminary report and discovery plan (Doc. 20) except as herein modified. A six-month period of discovery will begin on January 24, 2023, and will be comprised of four months of fact discovery followed by two months of expert witness discovery. Motions for summary judgment and *Daubert* motions with regard to expert testimony shall be filed no later than 30 days after the close of discovery.

**SO ORDERED** this 6th day of February, 2023.

/s/ Sarah E. Geraghty
SARAH E. GERAGHTY
United States District Judge